IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM AUTO GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Adam Auto Group Inc., by its undersigned attorneys, for its complaint against Defendant, Owners Insurance Company, states:

## FACTS

1.      Plaintiff, Adam Auto Group, Inc. ("Plaintiff" or "Adam Auto"), was and is a citizen of Illinois, being an Illinois corporation with its principle place of business in Crestwood, Illinois, and was and is the owner of a commercial building in Crestwood, Illinois ("the Building" or "the insured premises").

2.      Defendant, Owners Insurance Company ("Owners"), was and is a Michigan citizen, being a Michigan corporation with its principle place of business in Lansing, Michigan.

3.      This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial district and the events giving rise to their claims occurred in this judicial district.

Additionally, Owners does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5.      Owners issued to Adam Auto a commercial package insurance policy effective December 5, 2017 to December 5, 2018 ("the insurance policy").  A copy of the insurance policy is attached to the Complaint as Exhibit A.

6.      Under the insurance policy, Owners insured Adam Auto against direct physical loss or damage to the Building caused by fire.

7.      On or about April 18, 2018, while the insurance policy was in full force and effect, the Building was damaged by fire ("the fire loss").

8.      Adam Auto submitted a claim to Owners under the insurance policy for the fire-related damage to the Building.

9.      Owners acknowledged that the fire loss was covered under the insurance policy and issued payment to Adam Auto in the amount of $69,415.14, representing the actual cash value of the fire damage to the Building. The actual cash value payment was arrived at by Owners first estimating the cost to repair/replace the fire-related damage to the Building and then deducting an amount for pre-loss depreciation and applying the applicable deductible. A copy of the estimate that Owners based its actual cash value payment on is attached is attached to the Complaint as Exhibit B.

10.     As set forth in the estimate attached to the Complaint as Exhibit C prepared by Adam Auto's public insurance adjuster, which was provided to Owners  during the claim process, Owners ' valuation of the fire loss (a) fails to include all of the fire-related damage to the Building and (b) it includes pricing that is unreasonable and inadequate to repair/replace the damage.  Adam Auto thus disagrees with amount of the fire loss to its Building as determined by Owners.

11.     The insurance policy contains an "Appraisal" provision which reads as follows:

> **"Appraisal**
> If we and you disagree on the value of the property or the amount of the loss, either may make written demand for appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> > a.  Pay its chosen appraiser; and
> > b.  Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim (Emphasis in original)."

12.     On March 28, 2019, Adam Auto made a written demand for appraisal based on its disagreement with Owners as to the amount of the fire loss. A copy of Adam Auto's written demand for appraisal is attached to the Complaint as Exhibit D.

13.     On April 9, 2019, Owners rejected Adam Auto's demand for an appraisal of the fire loss. A copy of Owners' April 9, 2019 letter is attached to the Complaint as Exhibit E.

## COUNT I
**(Declaratory Judgment Relief)**

14.     Plaintiff re-alleges paragraphs 1 through 13 of the Facts of the Complaint as paragraph 14 of Count I of the Complaint.

15.     Pursuant to Federal Rule of Civil Procedure 57, an actual and justiciable controversy exists between Adam Auto and Owners as to the amount of the fire loss sustained by Adam Auto. This Court is vested with the power to declare the rights and liabilities of the parties hereto and give such other and further relief as may be necessary.

WHEREFORE, Plaintiff, Adam Auto Group, Inc. prays that this Court enter an order:

(a) compelling and requiring the parties to proceed with appraisal in accordance with the terms of the "Appraisal" provision in the insurance policy, which appraisal requires the appraisal panel to determine the damage to the Building caused by fire, the scope of the fire damage, the scope of repairing or replacing the fire damage, and the cost of repairing or replacing the fire damage;

(b) staying the case pending the outcome of the appraisal; and

(c) granting any additional relief this Court deems just and proper.

## COUNT II
### (Breach of Contract)

16. Plaintiff re-alleges paragraphs 1 through 13 of count I of the Complaint as paragraph 16 of Count II of the Complaint.

17. Adam Auto has substantially performed all post-loss duties required by the insurance policy to be performed by it, requested of it, and/or not waived by Owners including, but not limited to (a) giving prompt notice of the fire loss to Owners, (b) cooperating with Owners in its investigation of the fire loss and the subsequent claim, and (c) filing suit against Owners within two years of the fire loss.

18. It is Owners' duty to pay the amounts due under the insurance policy for the covered fire loss, including the cost to repair/replace the fire damage to the Building.

19. Although requested to do so, Owners has failed to pay for all of the fire damage sustained by Adam Auto, including the cost to repair/replace all of the damage to the Building, thus breaching the insurance policy.

20. This breach of the insurance contract was and is the direct and proximate cause of damages to Adam Auto in an amount in excess of $75,000.

21. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Adam Auto is entitled to prejudgment interest.

WHEREFORE, Plaintiff, Adam Auto Group, Inc., prays for judgment in its favor and against Defendant, Owners Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

### COUNT III
### (Section 155 Relief)

22.     Adam Auto re-alleges paragraphs 1 through 20 of count II of the Complaint as paragraph 22 of Count III of the Complaint.

23.     At the time of the loss, Owners' internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

24.     Adam Auto is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Owners engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a)     failing to pay Adam Auto for the fire loss within 40 days of the loss, thus constituting an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of the Illinois Administrative Code;

(b)     failing to provide Adam Auto with a reasonable written explanation for the delay in resolving its claim, after the claim remained unresolved for more than 75, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of the Illinois Administrative Code;

(c)     failing to provide Adam Auto with a reasonable written explanation for the delay in resolving its claim, in violation of section 154.6 of the Illinois Insurance Codes and the regulations promulgated by the Illinois Director of Insurance within section 919 of the Illinois Administrative Code;

(d)     failing to acknowledge with reasonable promptness pertinent communications regarding the fire loss and ensuing claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of the Illinois Administrative Code;

(e)     not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the fire loss and ensuing claim, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.50 of the Illinois Administrative Code;

(f)     refusing to pay for all of Adam Auto's covered fire loss due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, in violation of its internal claims polices, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code;

(g)     refusing to participate in an appraisal of the fire loss based on an unreasonable interpretation of the "Appraisal" provision in its insurance policy, an interpretation contrary to the manner in which numerous federal district courts in Illinois have interpreted an appraisal provision in a property insurance policy;

(h)     without proper cause, wrongfully and knowingly refusing to reimburse Adam Auto for all its covered fire loss under the insurance policy;

(i)     failing to be fair, open, and to carry out its part of the bargain under the insurance contract in good faith, contrary to its claim handling philosophy; and

(j)     forcing Adam Auto to retain legal counsel to investigate the fire loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy.

WHEREFORE, Plaintiff, Adam Auto Group, Inc., prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, Owners Insurance Company.

**Plaintiff Demands Trial by Jury.**

/s/Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
Attorneys for Plaintiff