# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADAM AUTO GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19 C 3110 |
| | ) |
| OWNERS INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Adam Auto Group, Inc. filed a claim under its insurance policy with Owners Insurance Company for losses from fire damage to its building. Owners Insurance paid Adam Auto roughly $70,000 on the claim. Adam Auto alleges that this payment was too low because Owners Insurance underestimated the extent of fire damage and the cost of repairing that damage. To resolve these two issues and determine its amount of loss, Adam Auto filed suit seeking to compel Owners Insurance to engage in the appraisal process established by the insurance policy.

## Background

Adam Auto owns a building that it insured with a policy from Owners Insurance. That policy included the following appraisal provision:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss.

> If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

Compl., Ex. A, dkt. no. 1-1, at 75.

In 2018, Adam Auto filed a claim with Owners Insurance for losses associated with fire damage to its building. Owners Insurance paid approximately $70,000 on the claim. Adam Auto asserts that the payment did not cover the full value of its fire-related loss because it understated the extent of fire damage and the cost of repairing that damage. In March 2019, Adams Auto wrote to Owners Insurance requesting appraisal under the policy term quoted above to resolve the dispute over the amount of the loss from fire. Owners Insurance denied the request, because, in its view, Adam Auto was contesting the types of damages covered under the policy rather than the amount of the loss. Because appraisal was available under the policy only to resolve disputes over the amount of loss, Owners Insurance denied Adam Auto's request.

Adam Auto has sued Owners Insurance for breach of contract and for vexatious conduct under 215 Ill. Comp. Stat. 5/155(1) of the Illinois Insurance Code. Adam Auto has moved for entry of judgment on the pleadings on count 1 of its complaint. Count 1 does not state any cause of action; it just requests a declaratory judgment compelling appraisal pursuant to the insurance policy. Thus Adam Auto is essentially moving to compel appraisal. *See Runaway Bay Condo. Ass'n v. Phila. Indem. Ins. Co.*, 262 F. Supp. 3d 599, 600 n.1 (N.D. Ill. 2017) (construing a pleading that did not state any cause of action but sought a declaratory judgment compelling appraisal as a motion to compel appraisal).

## Discussion

In this diversity suit, the Court applies the law of the forum state, Illinois. *See*

*Ryerson Inc. v. Fed. Ins. Co.*, 676 F.3d 610, 611 (7th Cir. 2012). Under Illinois law, construction of an insurance policy is a question of law. *Nicor, Inc. v. Associated Elec. & Gas Ins. Servs. Ltd.*, 223 Ill. 2d 407, 416, 860 N.E.2d 280, 285 (2006). In determining whether to apply a contract term, a court's primary purpose is give effect to the intent of the parties as expressed in the agreement. *Worley v. Fender*, 2017 IL App (5th) 160110, 79 N.E.3d 173, 177. If the terms of the policy are unambiguous, a court applies it as written, and it must construe policy ambiguities "liberally" in favor of the insured. *Id.*, 79 N.E.3d at 177–78. Appraisal clauses in insurance policies are analogous to arbitration clauses, which courts may enforce, and therefore courts may compel appraisal in appropriate circumstances. *Lundy v. Farmers Grp., Inc.*, 322 Ill. App. 3d 214, 218–19, 750 N.E.2d 314, 318 (2001).

The language of Adam Auto's insurance policy is unambiguous: appraisal is available to resolve "disagree[ments] on the value of the property or the amount of the loss." Compl., Ex. A, dkt. no. 1-1, at 75. Adam Auto seeks to invoke this provision to resolve two issues: the extent of fire damage and the cost of repairs resulting from that damage. It believes these issues pertain to "amount of the loss" and are therefore appropriate for resolution by appraisal. Owners Insurance disagrees. It contends that Adam Auto is disputing the scope of policy coverage, which cannot be resolved via appraisal. *See Lytle v. Country Mut. Ins. Co.*, 2015 IL App. (1st) 142169, 41 N.E.3d 657, 663.

In attempting to characterize Adam Auto's appraisal request as a policy coverage dispute, Owners Insurance makes two arguments. First, it suggests that Adam Auto is seeking appraisal to resolve whether the policy covers repair of areas that were not

3

damaged by the fire but might nevertheless need to be replaced in conjunction with fire-damage repair. But Adam Auto makes no such contention in its complaint or in its briefs.

Second, Owners Insurance asserts that Adam Auto's request for appraisal on the extent of fire damage is a matter of determining causation. It argues that causation is a question of coverage—not amount of loss—because it requires deciding whether the circumstances that caused the damage were covered by the policy (e.g., fire) or not (e.g., wear and tear). But "[t]his argument assumes that the task of determining the value of damage can be meaningfully separated from the task of determining what caused the damage." *Runaway Bay Condo. Ass'n*, 262 F. Supp. 3d at 601. To determine which damages to Adam Auto's building are pertinent to calculation of the amount of loss, an appraiser necessarily would have to distinguish between damages caused by the fire from those caused by other events or conditions like wear and tear. Thus, courts have "routinely" rejected the argument that issues that implicate damage causation are not appropriate for resolution by appraisal. *Id.* (citing *Phila. Indem. Ins. Co. v. Northstar Condo. Ass'n*, No. 15 C 10798, 2016 U.S. Dist. LEXIS 186175, at *11 (N.D. Ill. Oct. 18, 2016); *201 N. Wells, Inc. v. Fidelity & Guaranty Ins. Co.*, No. 00 C 3855, slip op. at 1 (N.D. Ill. Jan. 24, 2001)).

**Conclusion**

For the foregoing reasons, the Court grants Adam Auto's motion for judgment on the pleadings on count 1 [16] and directs the parties to engage in the appraisal process under the insurance policy to resolve the disputes over the extent of fire damage and the cost of repair and replacement to address that damage. At the status hearing on

October 10, 2019, counsel should be prepared to address how they propose to proceed on Adam Auto's remaining claims.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 7, 2019